IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JETHRO WALLACE, JR.**                                                                                    **PETITIONER**

**VERSUS**                                                    **CIVIL ACTION NO. 4:05cv73TSL-AGN**

**WARDEN MARY MCLENDON and JIM HOOD**                              **RESPONDENTS**

OPINION AND ORDER

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner Wallace, an inmate at the Central Mississippi Correctional Facility, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

Petitioner was convicted of strong-armed robbery in the Circuit Court of Clarke County, Mississippi on March 4, 2005. Petitioner was sentenced May 13, 2005, to serve fifteen years of incarceration in the custody of the Mississippi Department of Corrections. Petitioner pled not guilty to the charges. The petitioner presents the following grounds for habeas relief in the instant petition: (1) his conviction was obtained with insufficient evidence; (2) the petitioner has mental health problems; (3) the petitioner was not allowed to present all of his witnesses at trial; and (4) his conviction was obtained by an unconstitutional jury.

As required by Haines v. Kerner, 404 U.S. 519 (1972), this court has liberally construed petitioner's allegations and has reached the following conclusion. The petitioner is required to exhaust his available state remedies before he will be allowed to seek federal habeas relief. 28 U.S.C. § 2254 (b)(1)(A) & (c). More specifically, he must present his claims to the state courts in such fashion as to afford those courts a fair opportunity to rule on the merits. Picard v. Connor, 404 U.S. 270 (1977). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right

under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254 (c).  It is clear from the face of the petition that petitioner has not exhausted his available state remedies.

The petitioner states that he was convicted on March 4, 2005, and sentenced on May 13, 2005, and is currently pursuing relief in the Mississippi Supreme Court. Petitioner has three years after the date in which his direct appeal is ruled upon by the Supreme Court of Mississippi, to file a motion under this statute.  Miss. Code Ann. § 99-39-5 (2) (Supp 1996). Once petitioner has fully exhausted his available state remedies and in the event he does not receive the requested relief, he may then pursue his federal habeas corpus remedies in this court, within the applicable period of limitation.  See 28 U.S.C. § 2244(d).[1]

A final judgment in accordance with this opinion and order shall be issued.

SO ORDERED, this the  8th    day of July, 2005.

                              /s/ Tom S. Lee
                              UNITED STATES DISTRICT JUDGE

---

[1] Petitioner is advised that this dismissal does not provide any indication whether or not he will be successful in his state court proceedings and it does not provide any decision regarding the timeliness of this petition or future habeas corpus petitions filed by the petitioner.  This dismissal, without prejudice, does allow the petitioner to pursue his federal habeas corpus remedies after he has completed the exhaustion of his state court remedies and in the event he does not receive the requested relief.  However, petitioner is cautioned that the one year statute of limitations under AEDPA will apply to any future habeas corpus filings.  Petitioner is further advised that section 2244(d)(2) provides that this one year period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  In addition, the Fifth Circuit has noted that "[u]nder the plain language of the statute, any time that passed between the time that [the petitioner's] conviction became final and the time that his state application of habeas was properly filed must be counted against the one year period of limitation."  Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998).